The opinion of the Court was delivered by
Glover, J.
This was an appeal from a decree of the ordinary of Union District, suggesting, that property had been settled by the Court of Equity, in trust for the sole and separate use of Lucy Ivey, a married woman, without the power of appointment, limitation or remainder over at her death: that she made a last will and testament, and died, leaving her husband, Samuel Ivey, surviving her, who, in her lifetime, had abandoned her and for more than twenty years and at her death lived in Alabama with the knowledge of the said Lucy. That her last will and testament was admitted to probate in common form and letters testamentary granted to W. W. Glenn, whom she had appointed the executor thereof. That the application of Samuel Ivey requiring said will to be proved in due form of law was *128 refused by the ordinary, and that an appeal from the decree of the ordinary to the Court of Law was dismissed.
Afterwards, and more than four years after said will had been proved in common form, H. N. Ward in right of Samuel Ivey, applied for administration of the goods and chattels of the said Lucy Ivey, and on this application the ordinary pronounced the following decree:
“ I do adjudge, decree and determine, that the said letters testamentary, granted to the said W. W. Grlenn, executor of the said Lucy Ivey, do now operate as a bar to my granting administration on the estate of Lucy Ivey. And I do further hold and determine, that my former decree as to the said Lucy Ivey’s will and the appeal therefrom, and the judgment of the Court of Law, confirming my former decree, is now also a bar to my granting administration on the said Lucy Ivey’s estate. And inasmuch as the said Samuel had abandoned the said Lucy Ivey for more than twenty years, almost anything may be presumed to sustain the rights of parties, and,' in my opinion, a married woman can legally make a will of her separate property without the consent of her husband when, as in this case, the property has been settled to her separate use by the Court of Equity;”
From this judgment of the ordinary the appeal to the Circuit Court'of law suggested the following errors, on which issue was joined:
1. Because the petitioner was entitled to administration on the estate of the deceased as he was representing the husband, and no other person was applying for the same.
2. Because the alleged will of Lucy Ivey was inoperative and void, she being a married woman at the date of the same and at her death, and was incompetent to make a testamentary disposition.
*129 3. Because the decision of the ordinary, admitting the supposed will of Lucy Ivey to probate, was illegal and void, he having no jurisdiction to admit to probate the will of a married woman.
4. Because the decree of the ordinary heretofore made on the application of Samuel Ivey, praying for the probate of the will of Lucy Ivey, is no bar to the present proceeding, the subject matter being entirely different, and forms no reason why administration should not be granted.
5. Because there was no evidence of acquiescence on the part of Samuel Ivey as to the right of his wife to make a will, hut on the contrary he uniformly opposed it when brought to his knowledge, and was not, until recently, advised of the fact of any attempt to exercise said privilege.
6. Because there was no evidence before the ordinary, that Lucy Ivey, either at the date of her supposed will or at her death, lived separate and apart from her husband.
7. Because the decree of the ordinary, on the case made is against law, and should be reversed.
Judge Wardlaw,
who heard the appeal and suggestion on circuit, declined to interfere with the decision of the ordinary, refusing the grant of administration, on the ground, that the existing validity of a will and of the grant of probate thereunder was res judicata, which could not now be reversed or re-examined.
From this judgment H. N. Ward appeals to this Court, on the following grounds:
1. Because the will of Lucy Ivey being absolutely void, the *130 decision of the ordinary, admitting it to probate in common form, could not make it valid.
2. Because the Act of 1839, is no bar, and the ordinary having no jurisdiction, the subject matter could not be res judicata.
It is assumed in -the first ground of appeal that the will of a married woman is absolutely void, and, in support of the motion to reverse the judgment of the Circuit Court, it has been argued, that the ordinary has no jurisdiction to grant probate of such a will.
' A feme covert cannot devise her real estate except under a power, even with the consent of her husband; not only because he would have the strongest temptation to control the devise of her property which,' if he survived, would not descend on him; but because our Act of 1789, (5 Stat. 106,) authorizing the disposition of real estate by will, expressly excepts feme coverts, persons of unsound mind and infants. Nor may a married woman dispose of her personal property by will, because she is sub potestate viri, and cannot exercise the free agency necessary to testamentary capacity. The 5th Sec. of the Act of 1734, (3 Stat. 382,) affirming this principle, provides, “ that any will or testament made, or to be made, by a feme covert, idiot or any person of non sane memory, shall not be good or valid in law.” There are some exceptions, however, to the disability of coverture. A married woman may dispose of her separate estate, when the power to do so is conferred by the instrument creating her estate. Reid vs. Lamar, 1 Strob. Eq. 27. She may also bequeath her personal property by the license of her husband, provided the presumption of restraint is rebutted by a disposition of the property to his prejudice. Hood vs. Archer, 1 McC. 477; Grimké vs. Grimké, 1 Des. 366. Without multiplying the exceptions to the disability of coverture, the instances cited show, that the will of a married *131 woman is not absolutely void. It is- unlike the will of a person in esse, as the ordinary can grant probate of the wills of dead persons only.
The Act of 1839, (11 Stat. 39,) confers on the Gourts of Ordinary the power to grant probate of all wills. The 10th Sec. directs, that “ wills shall be proved before the ordinary of the district where the testator resided, or, he having no place of residence within the State, in the district where the greater part of his estate may be.” An exclusive and general jurisdiction is given to the ordinary by this Act, to admit to probate the wills of all persons, embracing the wills of feme coverts as well as of persons sui juris. No power is conferred on the ordinary to grant a qualified or special probate of the will of a married woman, even if made under a power reserved to her ; but the proof of such a will, under the Act of 1839, is in no wise different from that which is had in admitting to probate all other wills.
The ordinary having granted probate of this will in common form, and four years having elapsed — the time within which by the 11th Sec. of the Act of 1839, (11 Stat 41,) it may have been proved per testes or in due form of law — we cannot now call in question its legal validity or formal execution. It is the act of a court having jurisdiction over the subject matter. When the will was propounded it was competent for the ordinary to have inquired if Lucy Ivey possessed testamentary capacity ; but the grant of probate, without appeal, admits her capacity and we cannot consider that question while the probate is unrevoked.
It is not necessary to inquire whether the ordinary may revoke his probate granted more than four years before an application is made for that purpose. This is not an appeal from his sentence touching the proof of the will; but from his decree refusing administration on the ground, that the validity of the will and the grant of probate are res judicata. His probate cannot be impeached in any other court,- and the *132 admission of evidence to prove the want of testamentary capacity would be directly against the record. In Noell vs. Wells, 1 Lev. 235, the defendant was not allowed to prove that the will was forged, because it was said to be against the seal of the ordinary in a matter proper for his jurisdiction. “Evidence may be given that the seal was 'forged, because that confesses and avoids it; but not that another was executor, or that the testator was non compos mentis, for these falsify the proceedings of the ordinary in cases of which he is judge.” The probate, says Swinburn, is not traversable but the effect of it may be traversed, as that the testator did not make him executor who claims by the probate. Swinb. 450.
Administration on the estate of Lucy Ivey could be granted only on the ground of her intestacy and this would directly falsify the probate to which every Court is bound to give credit while it is operative. It may be that for want of testamentary capacity her will should not have been admitted to proof; but that question cannot be considered while the probate is unrevoked.
We concur in the opinion of the circuit Judge, and the motion is dismissed.
O’Neall, Wardlaw, Withers and Whitner, JJ., concurred.

Motion dismissed.